JOSEPH KALAMON, Respondent, v. ANNA KALAMON, Appellant.— Order denying motion of defendant Anna Kalamon to cancel of record a notice of pendency of action filed September 25, 1939, affirmed, with twenty-five dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

JOSEPH KALAMON, Respondent, v. ANNA KALAMON and EMIL J. SONDERLICK, Appellants.— Consolidated appeal respecting two orders denying separate motions of the two defendants to vacate a resettled order herein, dated April 3, 1940, allowing the service of a supplemental summons and amended complaint, affirmed, with twenty-five dollars costs and disbursements, payable by appellant Emil J. Sonderlick personally. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

SADIE KUPFER, Appellant, v. JULIUS KUPFER, Respondent.— Order granting reargument and on reargument granting motion to vacate order of sequestration and to discharge receiver upon condition that defendant furnish a surety company bond in the sum of $7,500, modified by striking from the first ordering paragraph the words " Seventy-five hundred ($7500.00) dollars " and by substituting in lieu thereof the words " Fifteen thousand ($15,000.00) dollars," and, as so modified, affirmed, with ten dollars costs and disbursements to appellant. The court had the power to permit a substitution of a surety company bond for the property which is subject to sequestration. (*Berger* v. *Berger* [*Appeal No. 2*], 233 App. Div. 855.) In our opinion the fixation of the bond in the sum of $7,500 was not commensurate with the apparent value of the property subject to sequestration. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

SADIE KUPFER, Respondent, v. JULIUS KUPFER, Appellant.— In an action for separation on the ground of cruelty, the parties consented that the plaintiff's motion for temporary alimony and counsel fee be referred to the trial court. After trial the court granted judgment for plaintff and awarded sixty dollars a week alimony, and also entered an order granting temporary alimony of thirty-five dollars a week and awarding $1,000 counsel fee. Judgment modified by reducing the alimony to fifty dollars a week, and, as so modified, unanimously affirmed, without costs. Order modified by reducing the counsel fee from $1,000 to $750, and, so as modified, unanimously affirmed, without costs. In our opinion the permanent alimony and counsel fee awarded were excessive. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.